IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN AND LYNNE COONEY                                                    PLAINTIFFS

VS.                                             CAUSE NUMBER: 1:06cv399-LTS-RHW

STATE FARM FIRE &
CASUALTY COMPANY                                                           DEFENDANT

**CONSENT PROTECTIVE ORDER**

The Court, being duly advised in the premises, finds that good causes exists for the issuance of a Protective Order; therefore, it is ORDERED and ADJUDGED that:

1.  "Confidential Information" shall mean and refer to all documents, testimony, business records, information on magnetic media, computer tapes, computer disks, hard copies or printouts derived from computer tapes or computer disks, or individual portions thereof, of other information which is produced, disclosed, or otherwise given by State Farm Fire & Casualty Company, or Brian and/or Lynne Cooney, a party to this action, or by any of its employees, agents, or servants, and responses to any subpoena, documentary request, deposition question, witness examination, or other request made by any other party or attorney in this action.

2.  "Confidential Information" may be inspected by or revealed to only the following "qualified persons":

    1.  The parties and counsel of record for the parties in this litigation, including all associates, paralegals, and stenographic and clerical employees of the respective parties to this case;

2. Any outside witness, consultant, adviser or expert retained, deposed or consulted by a party for the purpose of obtaining such individual's advice or opinion regarding issues in this litigation, but only to the extent necessary for the individual to provide such advice or opinion and provided the individual has executed an agreement to maintain confidentiality in the form attached hereto as Exhibit "A;"

3. The Court, including any Judge, Magistrate, or Judicial Law Clerk who is assigned to the case.

3. "Confidential Information" shall be used solely for purposes of this action and shall not be used, directly or indirectly, for any business purpose, commercial purpose, competitive purpose, or any other purpose.

4. The designating entity or its counsel may place a stamp or other designation of confidentiality on the documents produced. Said stamp or designation shall not be so pervasive as to obscure or render illegible the contents of said document.

5. Persons may be deposed regarding "Confidential Information" of which they have knowledge. Only "qualified persons," including the court reporter and the witness, shall be present at such depositions. The transcripts of said deposition shall be treated in accordance with this Order.

6. Any "Confidential Information" which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, interrogatory answers, or document production) or in any motions, pleadings, affidavits, briefs or other documents submitted to this Court, shall be subject to this Order.

7. "Confidential Information" included as part of any pleading or memorandum shall

be filed in sealed envelopes or other containers and shall be endorsed the title of this action, an indication of the nature of the contents, the word "confidential" and the following statement:

> This envelope containing documents that are filed in this case by State Farm Mutual Automobile Insurance Company is not to be opened nor the contents thereof to be revealed except by court order; provided, however, that counsel of record in this case may open this envelope in the office of the Clerk of this Court and there inspect the contents hereof, without order of court, and upon completion of each inspection by counsel, the envelope containing such documents shall be resealed.

8. No person receiving a "confidential" document or transcript shall disclose it or its contents to any person other than (a) to those "qualified persons" described in paragraph 2 and for the purposes specified; (b) in any motions, pleadings, affidavits, briefs, or other documents submitted to the Court in this action, subject to the restrictions imposed by paragraph 7 of this Order; or (c) in any hearing, trial, or other judicial proceeding before the Court in this action. Counsel shall be responsible for obtaining an executed agreement to maintain confidentiality in the form attached hereto as Exhibit "A" for all persons, other than counsel and staff members under counsel's control, to whom any confidential document, information or transcript is disclosed. Counsel shall be responsible for maintaining all executed agreements to maintain confidentiality and the agreement shall be available for inspection by counsel at the request of the producing party, unless said request would infringe upon counsel's trial strategy, and if so, shall be available for inspection at the conclusion of said case.

9. Each person signing the attached confidentiality agreement submits to the personal jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the

Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

10. Within sixty (60) days after conclusion of all aspects of this litigation, all documents containing confidential information and all copies of same (other than exhibits of record) shall be returned to the designating entity along with executed copies of Exhibit "A."

ACKNOWLEDGMENT AND AFFIDAVIT OF COMPLIANCE

Counsel of record shall make written certification of compliance herewith and shall deliver the same to counsel or the designating entity not more than ninety (90) days after final termination of this litigation.

11. Inadvertent disclosure of any document or information shall be without prejudice to any claims that such material is Confidential Information, privileged, work product or otherwise protected from discovery, and no party shall be held to have waived any rights by such disclosure. Any document or information so disclosed and subject to a subsequent claim of privilege, work product or other protection, shall be returned immediately to the appropriate party and such document of information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) by order of the Court, nor will such document or information be subject to production (other than *in camera*) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

12. Disclosure of Confidential Information to third parties by any party or person, except the designating entity, shall not waive the confidentiality of such information or the obligations hereunder.

13. This Order shall inure to the benefit and be binding upon any future party or counsel to this litigation, as well as upon any non-party who produces documents in this litigation.

14. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of confidential information.

IT IS THEREFORE ORDERED AND ADJUDGED that the [23] Motion for Protective Order is GRANTED.

On THIS, the 11th day of October, 2006.

*s/ Robert H. Walker*
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT "A"
## ACKNOWLEDGMENT AND AFFIDAVIT OF COMPLIANCE

I hereby acknowledge that I have been given a copy of the Protective Order dated _____, 2006, in the case captioned (Brian and Lynne Cooney vs. State Farm Fire & Casualty Company), in the United States District Court for the Southern District of Mississippi, Cause Number 1:06cv399-LTS-RHW; that I have read the Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Confidential Information to others, except in accordance with the Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential Information will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of this Court.

Dated: _____, 2006.

_____
CHARLES A. BOGGS
Attorney for Plaintiff

STATE OF MISSISSIPPI

COUNTY OF _____

      On this \_\_\_\_\_ day of _____, 2006, before me, a Notary Public in and for said state, personally appeared CHARLES A. BOGGS, to me personally known, who being by me first duly sworn, acknowledged that he executed the foregoing instrument for the purposes therein mentioned and set forth.

_____
NOTARY PUBLIC

My commission expires:

_____